[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12015

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SCOTT RUSSELL GRANDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00151-SCJ-LTW-1

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Scott Granden was drunk on a plane when he engaged in unwanted sexual contact with a female passenger next to him. During the flight, Granden placed his hand on her thigh, touched her groin area, kissed her neck, and slapped her buttocks—all without her consent. Granden was arrested when his flight landed, and he later pleaded guilty to one count of abusive sexual contact aboard an aircraft under 18 U.S.C. § 2244(b). The district court sentenced him to twenty-one months' imprisonment followed by one year of supervised release and imposed several special conditions during his year of supervised release, including:

- Plethysmograph testing (condition 6);

- Periodic polygraph examinations (condition 7);

- Prohibition on viewing or possessing any "visual depiction" of "sexually explicit conduct," as defined in 18 U.S.C. § 2256 (condition 8);

- Prohibition on possessing children's clothing, toys, or games unless approved by his probation officer (except for biological children) (condition 9);

- No contact with any child under eighteen unless approved by his probation officer (except for biological children) (condition 10);

- No dating or marrying anyone who has children under eighteen unless approved by his probation officer (except for biological children) (condition 11);

- No engaging in an occupation or volunteer work that would allow access to children under eighteen unless approved by his probation officer (condition 13);

- No patronizing adult entertainment establishments (condition 14);

- No travel to any place where children under eighteen are likely to congregate unless approved by his probation officer (conditions 15 and 16).

Granden objected, arguing that these special conditions were not justified by his offense conduct, personal characteristics, or criminal history. The district court overruled the objection without explanation, and Granden timely appealed.

Granden argues that the district court erred by (1) imposing special conditions of supervisory release that were not reasonably related to the purposes of sentencing and (2) failing to state the reasons for the special conditions. The government agrees that many of the special conditions are unjustified and that the district court erred by failing to articulate reasons for any of the special conditions of supervised release.

When a defendant raises nonfrivolous objections to a sentence, the district court should "explain why [it] has rejected those

arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). A terse explanation may suffice. *See id.* But, at a minimum, a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Here, the district court gave no explanation for overruling Granden's objection to the special conditions of supervised release or for imposing them in the first place. As the government notes, many of the special conditions are plainly directed at regulating Granden's contact with children, even though Granden's crime was against an adult woman and he has no history of crimes against children. It is possible that some of the special conditions are consistent with the purposes of sentencing. But the district court did not explain why it believed they were justified, and the government agrees that we cannot affirm a district court's unexplained sentencing decision in this circumstance.

Accordingly, we **VACATE** the special conditions on Granden's term of supervised release and **REMAND** for resentencing consistent with this opinion.